IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James C. Kroger, | C/A No.: 1:11-3152-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Newberry County Sheriff's Department, | |
| Defendant. | |

James C. Koger ("Plaintiff") brought this civil rights action in South Carolina Court of Common Pleas for Newberry County on September 26, 2011. [Entry #1-1]. The Newberry County Sheriff's Department ("Defendant") removed the matter to this court on November 17, 2011, based on this court's federal question jurisdiction, as Plaintiff's complaint states a cause of action pursuant to 42 U.S.C. § 1983. Before the court is Defendant's motion for summary judgment. [Entry #19]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual Background

On March 15, 2011, Plaintiff was booked into the Newberry County Detention Center ("NCDC") "pending the resolution of several drug related charges from November 2009." Complaint at ¶ 5 [Entry #1-1]. At that same time, Plaintiff's nephew, Desmond T. Koger, "had been incarcerated in said facility for several weeks on drug-related charges arising out of the same November 2009 incident." *Id*. Plaintiff alleges

that on March 18, 2011, the Court of General Sessions sentenced him to "30 days incarceration, suspended upon payment of a $195.00 fine, and ordered his release from the Newberry County Jail." *Id*. at ¶ 6. According to the complaint, Desmond Koger was informed later that day that he would be released. *Id*. at ¶ 7. Plaintiff alleges that he and Desmond Koger immediately informed NCDC officials that Plaintiff was the one that should be released and that "in spite of the protestations of Plaintiff and Desmond Trovon Koger," Desmond Koger was released and Plaintiff remained incarcerated until March 22, 2011. *Id.* at ¶¶ 8–10. The complaint sets forth causes of actions against Defendant for negligence, unlawful detention, and civil rights violation pursuant to 42 U.S.C. § 1983.

Defendant filed its motion for summary judgment on June 29, 2012. [Entry #19]. Plaintiff filed a timely response to Defendant's motion on July 16, 2012, which indicates that Plaintiff seeks to withdraw his claims pursuant to § 1983. [Entry #24]. Defendant filed a reply on July 26, 2012 requesting that the court dismiss Plaintiff's § 1983 claim with prejudice. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge dismiss Plaintiff's claim pursuant to § 1983 with prejudice, decline to exercise jurisdiction over Plaintiff's remaining claims, and remand this matter.

II. Discussion

A. Standard of Review

Because Plaintiff has indicated a desire to withdraw or dismiss his § 1983 claim, the court must consider whether voluntary dismissal is appropriate. Absent a stipulation of dismissal signed by all parties, voluntary dismissal of an action after a responsive

pleading or motion for summary judgment requires an order of the court. Fed. R. Civ. P. 41(a). Dismissal must be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.

B.  Analysis

The undersigned recommends Plaintiff's § 1983 claim be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff has indicated he seeks to withdraw the claim [Entry #24 at 10], and Defendant has consented to the dismissal of this claim, but requests it be dismissed with prejudice [Entry #26 at 3]. In light of Defendant's consent to the dismissal and because the undersigned finds the terms of the dismissal to be proper, it is recommended Plaintiff's § 1983 claim be voluntarily dismissed pursuant to Rule 41(2)(2).

Additionally, the undersigned recommends the § 1983 claim be dismissed with prejudice against Defendant, as it is not a "person" amenable to suit pursuant to § 1983. It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the elements of a § 1983 action). In addition, sheriff's departments in South Carolina are considered alter egos or arms of the state. *See Gulledge v. Smart*, 691 F.Supp. 947, 954–55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846

(D.S.C. 1994) (suit against the sheriff's office is suit against the state); S.C. Code § 23–13–550.

As an arm of the state, Defendant is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."); *see e.g.*, *McCall v. Strickland*, C/A No. 4:11-1324-RMG-TER, 2012 WL 2428600 (D.S.C. June 1, 2012) (finding that the Spartanburg County Sheriff's Department should be dismissed as it was not a person amendable to suit under § 1983), *adopted by*, 2012 WL 2427889, (D.S.C. June 27, 2012). Therefore, because the § 1983 claim against Defendant would ultimately fail if allowed to proceed, the undersigned recommends the district judge order the dismissal with prejudice.

III.  Conclusion

For the foregoing reasons, it is recommended that Plaintiff's § 1983 claim against Defendant be dismissed with prejudice. Additionally, it is recommended that the district judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and remand this case to the Court of Common Pleas of Newberry County.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 5, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).